**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIVEOPS, INC., | No. C-05-3773 MJJ (EMC) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WENDELL BROWN'S MOTION TO COMPEL DISCLOSURE OF TRADE SECRETS; AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS** |
| v. | |
| TELEO, INC., *et al.*, | |
| Defendants. | |
| | **(Docket Nos. 25, 44)** |

Defendant Brown's motion to compel disclosure of trade secrets and Plaintiff LiveOps' motion for sanctions came on for hearing on January 18, 2006. Having considered the papers filed in support of and in opposition to said motions and the argument of counsel, and good cause appearing therefor, for the reasons stated on the record, the Court hereby **GRANTS IN PART AND DENIES IN PART** the motion to compel and **DENIES** the motion for sanctions.

The Court does not have jurisdiction over discovery matters pending before the state court and therefore will not order Plaintiff to refrain from discovery as Defendant Brown requests. If Defendant Brown thinks the state court discovery circumvents Cal. Code Civ. P. § 2019, he should petition the state court in which discovery has been propounded. In this court, now that the motion to dismiss has been denied by Judge Jenkins, and mediation is pending, the Court believes that disclosure under § 2019 should proceed in order to facilitate the mediation and commencement of discovery herein. Accordingly, Plaintiff shall serve its disclosure under protective order by February 6, 2006.

1    The Court denies the motion for sanctions because the substance of the dispute had been
2 discussed by the parties in the context of both the state and federal litigation.  In the Court's view,
3 both parties failed to exercise diligence in trying to resolve this dispute.
4    It is hereby furthered ordered that the parties shall meet and confer and agree upon a
5 protective order and file such order by January 25, 2006.  The parties shall complete their initial
6 disclosures by January 25, 2006.  The parties shall meet and confer and file a joint discovery plan by
7 February 10, 2006.
8    In the future, prior to filing any discovery motion, the parties shall meet and confer in person
9 and shall file with any such motion a joint letter describing the meet and confer efforts and stating
10 what disputes were resolved and what disputes remain unresolved.  The Court expects the parties to
11 do a better job in meeting and conferring and making a good faith effort to resolve disputes, and not
12 engage in needless posturing.  The parties are forewarned that the Court may impose a requirement
13 that the parties file a joint letter describing each dispute in detail and the parties' respective positions
14 prior to the filing of any discovery motion and may require the parties to seek leave of Court in order
15 to file any such motion.  The Court also reserves the option of requiring that lead trial counsel attend
16 each meet and confer and any court hearing on discovery should the parties not engage in
17 meaningful good faith negotiations.
18    This order disposes of Docket Nos. 25 and 44.

20    IT IS SO ORDERED.

22 Dated:  January 20, 2006

23                                                                          _____
                                                                             EDWARD M. CHEN
                                                                             United States Magistrate Judge