1  KEVIN W. ALEXANDER, Bar No. 175204
   RICHARD P. SYBERT, Bar No. 80731
2  MARSHALL S. BRENNER, Bar No. 208780
   GORDON & REES LLP
3  101 West Broadway, Suite 2000
   San Diego, California 92101
4  Telephone: (619) 696-6700
   Facsimile: (619) 696-7124
5  Email: kalexander@gordonrees.com
   rsybert@gordonrees.com
6  mbrenner@gordonrees.com

7  JEFFREY M. RATINOFF (SBN: 197241)
   GORDON & REES LLP
8  Embarcadero Center West
   275 Battery Street, Suite 2000
9  San Francisco, CA 94111
   Telephone: (415) 986-5900
10 Facsimile: (415) 986-8054
   Email: jratinoff@gordonrees.com

11
   Attorneys for Plaintiff
12 LIVEOPS, INC.

13                    UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15

16 LIVEOPS, INC.,                        )  CASE NO. C-05-3773-MJJ
   a Delaware corporation,               )
17                                        )  [PROPOSED] STIPULATED
                           Plaintiff,     )  PROTECTIVE ORDER
18                                        )
                                          )
19          v.                            )
                                          )
20 TELEO, INC., a Nevada corporation;     )
   WENDELL BROWN, an individual, and      )
21 DOES 1 through 99, inclusive,          )
                                          )
22                         Defendants.    )
                                          )
23 ─────────────────────────────────────  )

24       Disclosure and discovery activity in this action are likely to involve production of

25 confidential, proprietary, or private information for which special protection from public

26 disclosure and protection from use for any purpose other than prosecuting this litigation would

27 be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the

28 following Stipulated Protective Order.  The parties acknowledge that this Order does not confer

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

blanket protections on all disclosures or responses to discovery, and that the protection it affords extends only to the limited information or items entitled under applicable legal principles to be treated as confidential. The parties further acknowledge that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the applicable procedures and standards when a party seeks leave to file material under seal.

Therefore, pursuant to the authority of Federal Rule of Civil Procedure 26(c), and the stipulation of the parties, through their respective counsel, the following Protective Order shall issue:

**A.    <u>Designated Material.</u>**

1.    Information, materials and/or discovery responses may be designated pursuant to this Protective Order by the person or entity producing or lodging it or by any party to this action (the "Designating Party") if: (a) produced or served, formally or informally, pursuant to the Federal Rules of Civil Procedure and Local Rules of the Northern District of California or in response to any other formal or informal discovery request in this action; and/or (b) filed or lodged with the Court.  All such information and material and all information or material derived therefrom constitutes "Designated Material" (which includes materials designated "CONFIDENTIAL" and "ATTORNEYS AND CONSULTANTS ONLY") under this Protective Order.  Unless and until otherwise ordered by the Court or agreed to in writing by the parties, all Designated Materials shall be used only for purposes of this litigation, and shall not be used or disclosed by the party receiving the Designated Material except as provided under the terms of this Protective Order.  (For purposes of this Protective Order, "disclose" means to show, furnish, or provide the original or a copy of the referenced material or document.)

Subject to the limitations set forth in this Protective Order, a designation of "CONFIDENTIAL" means information other than "ATTORNEYS AND CONSULTANTS ONLY," whether embodied in any physical medium and regardless of how generated, stored or maintained, or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c), including without limitation other trade secrets or other confidential research, development, or commercial information.    Information may also be designated

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

1  "CONFIDENTIAL" if the designating party believes in good faith that the information falls

2  within any right to privacy guaranteed by the laws of the United States or California.

3  Subject to the limitations set forth in this Protective Order, a designation of "ATTORNEYS

4  AND CONSULTANTS ONLY" means information, whether or not embodied in any physical

5  medium, and including specifically without limitation any information disclosed or determined

6  by the Designating Party to constitute a Trade Secret, whose disclosure to another Party or non-

7  party would, in the Designating Party's good faith judgment, create a substantial risk of serious

8  injury that could not be avoided by less restrictive means.  Information may also be designated

9  "ATTORNEYS AND CONSULTANTS ONLY" if the Designating Party believes in good faith

10 that the information is significantly sensitive and protected by any right to privacy guaranteed by

11 the laws of the United States or California such that disclosure to another Party or non-party

12 would create a significant risk of material injury.

**B.**     **Access To Designated Material.**

    1.     <u>Materials Designated CONFIDENTIAL</u>. Materials designated

"CONFIDENTIAL" may only be disclosed to:

      (a)     Persons not a party to this action who appear on the face of Designated

Materials marked CONFIDENTIAL as an author, addressee or recipient thereof so long as the

documents remain in the possession, custody or control of Outside Counsel and/or the party who

produced and designated the Materials;

      (b)     "Outside Counsel" (which means and is defined as counsel of record,

including the partners, associates, agents and employees of counsel of record, except for agents

or employees who have been retained or employed by Outside Counsel as experts or consultants

to assist in the preparation of the case) for the parties to this action to the extent reasonably

necessary to render professional services in this action.  This provision shall be without prejudice

to Brown's right to move the Court to modify this provision should, in Brown's judgment, its

operation in practice materially impede his ability to communicate with counsel in this or other

cases or his trial preparation; as well as without prejudice to LiveOps' right to oppose such

motion or to assert that such criteria are not determinative.

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

(c)    Non-party experts and consultants retained or employed by Outside Counsel to assist in the preparation of the case ("Outside Consultants"), to the extent reasonably necessary to render professional services in this action, subject to the disclosure requirements of Section C;

(d)    Three (3) non-party officers and/or employees of Teleo, Inc. or Microsoft Corporation (collectively "Teleo"), whose identities (including full names, titles, professional addresses, affiliations and all other present employment and/or consultancies) shall first be fully designated in writing to be served via facsimile on Outside Counsel for LiveOps, Inc. ("LiveOps") at least five (5) business days prior to disclosure of Designated Materials marked CONFIDENTIAL to the designated officers and/or employees ("Teleo Designees");

(i)    In the event that a Teleo Designee ceases to be an officer and/or employee of Teleo or Microsoft Corporation ("Microsoft"), Teleo shall so notify Outside Counsel for LiveOps in writing, identifying the Teleo Designee's new employer and professional addresses and/or affiliations and all other present employment and/or consultancies, and shall either: (A) certify that the departing Designee has not retained any CONFIDENTIAL materials, and, at Teleo's option, designate a replacement Teleo Designee consistent with the provisions of this section; or (B) notify Outside Counsel for LiveOps in writing of its intention to continue to use the Designee as a consultant, in which case LiveOps may object to the continued use of the departed Designee under the provisions of Section C.

(ii)    In the event that LiveOps objects to disclosure of CONFIDENTIAL material to a Teleo Designee, LiveOps shall send its objection in writing to Teleo's Outside Counsel within five (5) business days following Teleo's designation.  The parties shall meet and confer to resolve any objections informally.  In the event that objections are made but not resolved informally, LiveOps may move, within fifteen (15) business days following its notice of objection, for a protective order preventing disclosure of CONFIDENTIAL materials to the Teleo Designee.  In the event LiveOps brings such a motion, it shall bear the burden of proving that the disclosure of CONFIDENTIAL materials to the Teleo Designee would cause LiveOps unwarranted annoyance, embarrassment or oppression.  Prior to

1   the resolution of any such objection, an opposing party's Designated Materials shall not be

2   disclosed to person(s) so designated.

3           (e)     Three (3) officers and/or employees of LiveOps, whose identities

4   (including full names, titles, professional addresses, affiliations and all other present employment

5   and/or consultancies) shall first be fully designated in writing to be served via facsimile on

6   Outside Counsel for Teleo at least five (5) business days prior to disclosure of Designated

7   Materials marked CONFIDENTIAL to the designated officers and/or employees ("LiveOps

8   Designees");

9                   (i)     In the event that a LiveOps Designee ceases to be an officer and/or

10  employee of LiveOps, it shall so notify Outside Counsel for Teleo in writing, identifying the

11  LiveOps' Designee's new employer and professional addresses and/or affiliations and all other

12  present employment and/or consultancies, and shall either: (A) certify that the departing

13  Designee has not retained any CONFIDENTIAL materials, and at its option designate a

14  replacement LiveOps Designee consistent with the provisions of this section; or (B) notify

15  Outside Counsel for Teleo in writing of its intention to continue using the designee as a

16  consultant, in which case Teleo may object to the continued use of the departed designee under

17  the provisions of Section C.

18                  (ii)    In the event that Teleo objects to disclosure of CONFIDENTIAL

19  material to a LiveOps Designee, Teleo shall send its objection in writing to Outside Counsel for

20  LiveOps within five (5) business days following LiveOps' designation.  The parties shall meet

21  and confer to resolve any objections informally.  In the event that objections are made but not

22  resolved informally, Teleo may move, within fifteen (15) business days following its notice of

23  objection, for a protective order preventing disclosure of CONFIDENTIAL materials to the

24  LiveOps Designee.  In the event Teleo brings such a motion, it shall bear the burden of proving

25  that the disclosure of CONFIDENTIAL materials to the LiveOps Designee would cause Teleo

26  unwarranted annoyance, embarrassment or oppression.  Prior to the resolution of any such

27  objection, an opposing party's Designated Materials shall not be disclosed to person(s) so

28  designated.

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

PROPOSED STIPULATED PROTECTIVE ORDER; CASE NO. C-05-3773-MJJ

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

(f)     Wendell Brown ("Brown"), so long as the documents remain in the possession, custody or control of Outside Counsel and/or the party who produced and designated the Materials when reviewing such materials.  This provision shall be without prejudice to Brown's right to move the Court to modify  this provision should, in Brown's judgment, its operation in practice proves unduly burdensome; as well as without prejudice to LiveOps' right to oppose such motion or to assert that such criterion is not determinative.

(i)     In the event that Wendell Brown ceases to be a party to the action, he shall: (A) certify that he has not retained any CONFIDENTIAL materials; or (B) notify Outside Counsel for LiveOps in writing of his intention to continue as a consultant to Teleo, in which case LiveOps may object to Brown having continued access to CONFIDENTIAL materials under the provisions of Section C.

(ii)     In the event that LiveOps objects to disclosure of CONFIDENTIAL material to Brown, LiveOps shall send its objection in writing to Outside Counsel for Brown within five (5) business days following LiveOps' designation.  The parties shall meet and confer to resolve any objections informally.  In the event that objections are made but not resolved informally, LiveOps may move, within fifteen (15) business days following its notice of objection, for a protective order preventing disclosure of CONFIDENTIAL materials to Brown.  In the event LiveOps brings such a motion, it shall bear the burden of proving that the disclosure of CONFIDENTIAL materials to Brown would cause LiveOps unwarranted annoyance, embarrassment or oppression.  Prior to the resolution of any such objection, an opposing party's Designated Materials shall not be disclosed to person(s) so designated.

(g)     Subject to Section F(3) and H below, Designated Material marked CONFIDENTIAL may also be shown to witnesses at deposition and/or at trial, but shall not be retained by such persons.

2.     Materials Designated ATTORNEYS AND CONSULTANTS ONLY.  Materials marked "ATTORNEYS AND CONSULTANTS ONLY" can only be reviewed by or disclosed to:

(a)     Persons who appear on the face of Designated Materials marked

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

1   ATTORNEYS AND CONSULTANTS ONLY as an author, addressee, or recipient thereof, so

2   long as the documents remain in the possession, custody or control of Outside Counsel and/or the

3   party who produced and designated the Materials when reviewing such materials;

4           (b)    Outside Counsel for the parties to this action, as defined above; this

5   provision shall be without prejudice to Brown's right to move the Court to modify  this provision

6   should, in Brown's judgment, its operation in practice materially impede his ability to

7   communicate with counsel in this or other cases or his trial preparation; as well as without

8   prejudice to LiveOps' right to oppose such motion or to assert that such criteria are not

9   determinative;

10           (c)    Outside Consultants, to the extent reasonably necessary to render

11   professional services in this action, subject to the disclosure requirements of Section C;

12           (d)    One (1) in-house counsel each for Teleo and for LiveOps, provided that (i)

13   such in-house counsel is not engaged or involved in competitive decision-making; developing,

14   planning, marketing, or selling products or services; determining the costs or prices thereof; or

15   patent prosecution involving technology related to Voice Over Internet Protocol applications and

16   services; (ii) the identity of such in-house counsel (including full name, title, professional

17   address, affiliations and all other present employment and/or consultancies) is designated in

18   writing to be served via facsimile on Outside Counsel for the Designating Party at least five (5)

19   business days prior to disclosure of Designated Materials marked ATTORNEYS AND

20   CONSULTANTS ONLY to the designated in-house counsel; and (iii) such counsel shall not

21   retain such materials of copies thereof.  For purposes of this paragraph, "in-house counsel" shall

22   include one (1) administrative assistant assisting such counsel.  Before any Designated Material

23   is shown to an administrative assistant, however, the administrative assistant must first be

24   provided a copy of this Protective Order and execute the form attached hereto as Exhibit A.

25             (i)    In the event that a party's designated in-house counsel ceases to be

26   employed by the party, it shall so notify Outside Counsel for the other parties in writing,

27   identifying the departing in-house counsel's new employer and professional addresses and/or

28   affiliations and all other present employment and/or consultancies, and shall certify that the

1    departing in-house counsel has not retained any Designated Materials, and at its option designate

2    a replacement designated in-house counsel consistent with the provisions of this section.

3              (ii)    In the event that a party objects to the disclosure of Designated

4    Material to another party's designated in-house counsel, the objecting party shall send its

5    objection in writing to Outside Counsel for the designating party within five (5) business days

6    following designation.  The parties shall meet and confer to resolve any objections informally.

7    In the event that objections are made but not resolved informally, the objecting party may move,

8    within fifteen (15) business days following its notice of objection, for a protective order

9    preventing disclosure of Designated Material to the designated in-house counsel.  In the event

10   the objecting party brings such a motion, it shall bear the burden of proving that the disclosure of

11   Designated Materials would cause unwarranted annoyance, embarrassment or oppression.  Prior

12   to the resolution of any such objection, an objecting party's Designated Materials shall not be

13   disclosed to person so designated.

14             (e)    Subject to Section F(3) and H below, Designated Material marked

15   "ATTORNEYS AND CONSULTANTS ONLY" may also be shown to witnesses at deposition

16   and/or at trial, but shall not be retained by such persons.

17        3.    Each person to whom any Designated Material may be disclosed pursuant to the

18   provisions in this Protective Order shall, prior to the time such Designated Material is disclosed

19   to him or her, be provided with a copy of this Protective Order and shall certify under penalty of

20   perjury that he or she has carefully read the Protective Order and fully understands its terms and

21   agrees to be bound thereby.  This certificate shall be in the form attached as Exhibit A hereto.

22   Outside Counsel who makes any disclosure of Designated Materials shall retain each original

23   executed certificate and, upon written request, shall circulate copies to all Outside Counsel at the

24   termination of this action.

25   **C.    Access By Outside Consultants.**

26        1.    If any party wishes to disclose information or materials designated under this

27   Protective Order as CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY to any

28   Outside Consultant, it must first identify that individual to Outside Counsel for the Designating

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

1   Party, who shall have five (5) business days from receipt of such notice to object in writing to

2   such disclosure to any individual.  Such identification shall at least include the full name and

3   professional address and/or affiliation of the individual, his or her prior employment,

4   consultancies or testimony for the previous five years, and all of the person's other present

5   employment or consultancies in the field.  The parties shall attempt to resolve any objections

6   informally.  If the objections cannot be resolved, the objecting party may move, within fifteen

7   (15) business days following its objection, for a protective order preventing disclosure of

8   CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY materials to the individual.

9   In the event that such a motion is made, the party seeking to prohibit disclosure shall bear the

10  burden of proving and the Court must determine whether consent to the consultancy has been

11  unreasonably withheld.  Prior to the resolution of any such objection, an opposing party's

12  Designated Materials shall not be disclosed to person(s) so designated.  The parties shall not

13  have any obligation under this Protective Order to identify which materials are provided to

14  Outside Consultants.  In the event a motion is not made by the objecting party, said objection is

15  deemed waived and the designated expert may have complete access to designated materials.

16          2.      Each Outside Consultant to whom any Designated Material may be disclosed

17  pursuant to the provisions in this Protective Order shall, prior to the time such Designated

18  Material is disclosed to him or her, be provided with a copy of this Protective Order and shall

19  certify under penalty of perjury that he or she has carefully read the Protective Order and fully

20  understands its terms and agrees to be bound thereby.  This certificate shall be in the form

21  attached as Exhibit A hereto.  Outside Counsel who makes any disclosure of Designated

22  Materials shall retain each original executed certificate and, upon written request, shall circulate

23  copies to all Outside Counsel at the termination of this action.

24          3.      In addition to the foregoing, each Outside Consultant to whom any Designated

25  Material will be disclosed shall, prior to disclosure of such material, execute the Certification of

26  Consultant in the form attached as Exhibit B hereto.  Upon receipt of this Certification of

27  Consultant by counsel for the party retaining the Consultant, disclosure of such Designated

28  Material may be made to the Outside Consultant without notification to the Designating Party or

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

1  any other party to this action.  Outside Counsel who makes any disclosure of Designated

2  Materials shall retain each original executed Certification of Consultant and, upon written

3  request, shall circulate copies to all Outside Counsel at the termination of this action.

**D.  Use Of Designated Materials By Designating Party.**

5  Nothing in this Protective Order shall limit any Designating Party's use of its own

6  documents and information, nor shall it prevent the Designating Party from disclosing its own

7  confidential information or documents to any person.  Such disclosure shall not affect any

8  designations made pursuant to the terms of this Protective Order, so long as the disclosure of

9  confidential information or documents is made in a manner that is reasonably calculated to

10  maintain the confidentiality of the information.

**E.  Procedure For Designating Materials.**

12  Documents, non-documentary materials and discovery responses, in whole or in part,

13  may be designated as CONFIDENTIAL or as ATTORNEYS AND CONSULTANTS ONLY as

14  follows:

15  1.  For information in documentary form, the producing or responding party shall

16  designate materials by placing the legend CONFIDENTIAL or ATTORNEYS AND

17  CONSULTANTS ONLY on each page of the materials prior to production.  For information in

18  non-documentary form and for any other tangible items, the producing or responding party shall

19  designate the materials by placing the legend CONFIDENTIAL or ATTORNEYS AND

20  CONSULTANTS ONLY on the exterior of the media, case, container or containers in which the

21  information or items is produced prior to production.

22  2.  When a party wishes to designate as CONFIDENTIAL or ATTORNEYS AND

23  CONSULTANTS ONLY materials produced by someone other than the Designating Party

24  ("Producing Party"), such designation shall be made:

25  (a)  Within twenty (20) days from the date that the Designating Party receives

26  copies of the materials from the producing or disclosing entity; and

27  (b)  By written notice to all parties to this action and to the Producing Party, if

28  such party is not a party to this action, identifying the materials to be designated with

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

-10-

1  particularity (either by production numbers or by providing other adequate identification of the

2  specific material).

3       3.     Upon notice of designation, all persons receiving notice of the requested

4  designation of materials shall:

5            (a)     Make no further disclosure of such Designated Material or information

6  contained therein, except as allowed in this Protective Order;

7            (b)     Take reasonable steps to notify any persons known to have possession of

8  or access to such Designated Materials of the effect of such designation under this Protective

9  Order; and

10            (c)     Take reasonable steps to reclaim or prevent access to such Designated

11  Material or information in the possession or control of any person not permitted to have access

12  under the terms of this Protective Order.

**F.**     **Procedure For Designating Depositions.**

14       1.     Deposition transcripts or portions thereof may be designated as CONFIDENTIAL

15  or ATTORNEYS AND CONSULTANTS ONLY by a party during deposition testimony taken

16  in this action, in which case the portion of the transcript containing Designated Material shall be

17  identified in the transcript by the Court Reporter as CONFIDENTIAL or ATTORNEYS AND

18  CONSULTANTS ONLY. The designated testimony shall be bound in a separate volume and

19  each page marked as CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY by the

20  reporter accordingly.

21       2.     Where testimony is designated at a deposition, the Designating Party shall have

22  the right to exclude, at those portions of the deposition, all persons not authorized by the terms of

23  this Protective Order to receive such Designated Material.

24       3.     Notwithstanding the provisions set forth in Sections B and C of this Protective

25  Order above, any party may mark Designated Material as a deposition exhibit and examine any

26  witness thereon, provided that the exhibit and related transcript pages receive the same

27  confidentiality designation as the original Designated Material. Any person who is shown a

28  deposition exhibit comprised of Designated Material, but who is not otherwise entitled to access

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

such material under Sections B and C above, shall not be allowed (except by express permission of the Designating Party) to keep a copy of the deposition exhibit, and shall not be furnished a copy of such deposition exhibit when given the opportunity to review the deposition transcript for accuracy following the deposition.  Before any Designated Material is shown to a deponent, however, the deponent must first be provided a copy of this Protective Order and execute the form attached hereto as Exhibit A.

4.    Any party may, within fifteen (15) days after receiving a deposition transcript, designate pages of the transcript and/or its exhibits as Designated Material.  If any party so designates such material, the parties or deponents shall provide written notice of such designation to all parties within the 15-day period.  Designated Material within the deposition transcript or the exhibits thereto may be identified in writing or by underlining the relevant portions and marking such portions CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY.  Until the expiration of the 15-day period, any portion of the deposition not previously designated shall be treated as CONFIDENTIAL and subject to protection as provided by this Protective Order.  After the expiration of the 15-day period, if no party or deponent has timely designated any additional material, then such undesignated transcript and/or exhibits may be disclosed without restriction.

5.    If timely corrected, an inadvertent failure to designate qualified information or items as CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY after the material was initially produced, the receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**G.    Copies.**

All complete or partial copies of Designated Materials shall also be deemed subject to the terms of this Protective Order.

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

**H.    Court Procedures.**

1.    <u>Disclosure of Designated Material to Court Officials</u>.  Subject to the provisions of this section, Designated Material may be disclosed to the Court, Court officials or employees involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master or referee appointed by the Court), the jury in this action, and any interpreters interpreting on behalf of any party or deponent.

2.    <u>Obligations of the Court</u>.  The parties agree that the employees of the Court or the Clerk's office have no duty to the parties to maintain the confidentiality of any information in any papers filed with the Court.

3.    <u>Filing Designated Materials with the Court</u>.

If any of the Designated Materials is submitted to the Court, such papers shall be filed under seal and in compliance with the provisions set forth in Civil Local Rule 79-5.  The party submitting such documents shall place them in a sealed envelope on which shall be endorsed the title of this litigation, an indication of the nature of the contents of the sealed envelope, the notation, " CONFIDENTIAL – Protected by Court Order," and a statement substantially in the following form:

> **THIS ENVELOPE CONTAINS CONFIDENTIAL INFORMATION AND IS SEALED PURSUANT TO A PROTECTIVE ORDER ISSUED BY THE COURT.  IT IS NOT TO BE OPENED OR THE CONTENTS THEREOF TO BE DISPLAYED OR REVEALED TO ANY PERSONS EXCEPT BY ORDER OF THE COURT PURSUANT TO CONSENT OF THE PARTIES CLAIMING CONFIDENTIALITY.**

The submission shall indicate clearly which portions are Designated Materials.  The notation, in bold, **"DOCUMENT FILED UNDER SEAL"** shall also be made on the document itself, as well as on the cover sheet.  The Clerk of the Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions, and other pleadings filed under seal with the Court in this litigation that have been designated, in whole or in part, as Designated Material by a party to this action.

4.    <u>Failure to File Under Seal</u>.  If any party fails to file Designated Materials under seal, the Designating Party or any party to this action may request that the Court place the

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

1  Designated Materials under seal within twenty (20) days of the filing of said Designated

2  Materials.  The Clerk of the Court is directed to comply with such request if made.

3       5.    <u>Use of Designated Materials In Open Court</u>.  Presentation of, or quotations from,

4  Designated Materials shall be heard by the Court under such conditions and safeguards as the

5  Court may impose to prevent improper disclosure of Designated Materials.  After the mandatory

6  settlement conference and prior to trial the parties shall meet and confer concerning appropriate

7  methods for dealing with Designated Material at trial.

8      **I.**    **Objections.**

9       1.    A party may challenge the propriety of any designation under this Protective

10  Order at any time.  A challenge may be made by serving on all other parties a captioned notice of

11  objection, which shall identify with particularity the Designated Materials as to which the

12  designation is challenged and stating a basis for each challenge ("Notice of Objection").  Service

13  of a Notice of Objection shall be made by facsimile and by mail.

14       2.    On, but not before, the twentieth (20th) day after service of a Notice of Objection,

15  the challenged material shall be deemed de-designated unless the Designating Party has served

16  by fax or hand delivery a response to the Notice of Objection setting forth the legal and factual

17  grounds upon which the Designating Party bases its position that the materials should maintain

18  the original designation or for designating the material otherwise.

19       3.    The parties shall promptly meet and confer in good faith prior to the filing of any

20  motion under this section.  In conferring, the challenging Party must explain the basis for its

21  belief that the confidentiality designation was not proper and must give the Designating Party an

22  opportunity to review the designated material, to reconsider the circumstances, and, if no change

23  in designation is offered, to explain the basis for the chosen designation.  A challenging Party

24  may proceed to the next stage of the challenge process only if it has engaged in this meet and

25  confer process first.

26       4.    If no agreement is reached, the objecting party may file a motion as provided in

27  Civil Local Rule 7 and the Court's order dated January 20, 2006 (Docket No. 61) (and in

28  compliance with Civil Local Rule 79-5, if applicable) seeking to de-designate the challenged

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

-14-

1   material.  Each such motion must be accompanied by a competent declaration that affirms that

2   the movant has complied with the meet and confer requirements imposed in the preceding

3   paragraph and that sets forth with specificity the justification for the confidentiality designation

4   that was given by the Designating Party in the meet and confer dialogue.  Until the Court rules

5   on the challenge, all parties shall continue to afford the material in question the level of

6   protection to which it is entitled under the Designating Party's designation.

7        5.      In the event of a motion to change the designation, the material at issue may be

8   submitted to the Court for in camera inspection.  It shall be the burden of the designating party

9   under such circumstances to establish that the information so designated is properly designated

10  CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY within the meaning of this

11  Protective Order.  Upon the timely filing of such a motion, the original designations shall remain

12  effective until ten (10) days after service of notice of entry of an order re-designating the

13  materials and during the pendency of any writ petition filed within the ten-day period.

14  **J.      Client Communication.**

15  Nothing in this Protective Order shall prevent or otherwise restrict counsel from

16  rendering advice to their clients and, in the course of rendering such advice, relying upon the

17  examination of Designated Material.  In rendering such advice and otherwise communicating

18  with the client, however, counsel shall not make specific disclosure of any Designated Materials,

19  except as permitted by this Protective Order.

20  **K.      No Prejudice.**

21       1.      This Protective Order shall not diminish any existing obligation or right with

22  respect to Designated Materials, nor shall it prevent a disclosure to which the Designating Party

23  consents in writing before the disclosure takes place.

24       2.      Unless all parties stipulate otherwise, evidence of the existence or nonexistence of

25  a designation under this Protective Order shall not be admissible for any purpose during any

26  proceeding on the merits of this action.

27       3.      If any person required to produce documents inadvertently produces any

28  Designated Material without marking it with the appropriate legend, the producing party may

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

give written notice to the receiving party or parties, including appropriately stamped copies of the Designated Material, that the document, thing, or response is deemed Designated Material and should be treated as such in accordance with the provisions of this Protective Order.

4.      The restrictions as to use or dissemination of information or materials, set forth in any of the preceding paragraphs, shall not apply as to:

(a)      any information which at the time of the designation under this Protective Order is available to the public;

(b)      any information which after designation under this Protective Order becomes available to the public through no act, or failure to act, attributable to the receiving party or its counsel; and

(c)      any information which the receiving party, its counsel, or any recipient of Designated Material under this Protective Order can show as a matter of written record was already known to the receiving party through means other than by any violation of law.

No exception shall be taken under this Section without first complying with the procedures set forth in Section I, stating as the grounds for objection one or more of the exceptions set forth in this Section.

**L.      <u>Modification and Survival.</u>**

1.      <u>Modification; Addition of Parties to This Protective Order</u>.

(a)      All parties reserve the right to seek modification of this Protective Order at any time for good cause.  The parties agree to meet and confer prior to seeking to modify this Protective Order for any reason.  The restrictions imposed by this Protective Order may only be modified or terminated by written stipulation of all parties or by order of this Court.

(b)      Parties to this action who are not listed herein or who become parties to this action after the latest date of execution may become parties to this Protective Order, and thereby be bound by all the terms and conditions stated herein, by executing a written agreement thereto, to be signed by all Outside Counsel for the parties, and which designates Outside Counsel, for the additional party.

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

PROPOSED STIPULATED PROTECTIVE ORDER; CASE NO. C-05-3773-MJJ

2. <u>Survival and Return of Designated Material</u>. This Protective Order shall survive termination of this action. Upon final termination of the action, including appeals and retrials, all Designated Material, including deposition testimony regarding designated exhibits and all copies thereof, shall be destroyed within sixty (60) days of the termination of the action. Outside Counsel shall also be responsible for retrieving and destroying all Designated Material from Outside Consultants within (60) days of the termination of the action. Outside Counsel shall certify their compliance with this provision and shall deliver such certification to Outside Counsel for the Designating Party not more than ninety (90) days after the termination of the action.

Notwithstanding the provisions for return or destruction of Designated Material, Outside Counsel may retain pleadings, attorney and consultant work product, deposition transcripts and exhibits containing Designated Material, as well as one copy of each item of Designated Material for archival purposes.

**M.    No Contract.**

This Protective Order is for the Court's consideration and approval as an order. It shall not be construed to create a contract between the parties or between the parties and their respective counsel.

**N.    Court's Retention of Jurisdiction.**

The Court retains jurisdiction to make such amendments, modifications, and additions to this Protective Order as it may from time to time deem appropriate.

Dated:  January 26, 2006                  GORDON & REES LLP

                                          By _____
                                             Kevin W. Alexander
                                             Richard P. Sybert
                                             Attorneys for Plaintiff,
                                             LIVEOPS, INC.

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

-17-

1

2    Dated:  January 25, 2006                    TOWNSEND AND TOWNSEND AND
                                                 CREW LLP

3

4                                                By
5                                                   Byron C. Cooper
                                                    Attorneys for Defendant,
6                                                   WENDELL BROWN

7

8    Dated:  January 26, 2006                    MUNGER TOLLES & OLSON LLP

9

10                                               By
                                                    Mark B. Helm
11                                                  Hojoon Hwang
                                                    Attorneys for Defendant,
12                                                  TELEO, INC.

13

14        Pursuant to the Stipulation above, and good cause appearing therefor, IT IS SO

15   ORDERED.

16   Dated:     January 27, 2006

17                                               EDWARD
                                                 United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28

-18-

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

# EXHIBIT A

## CERTIFICATION CONCERNING MATERIAL COVERED
## BY PROTECTIVE ORDER

I, the undersigned, hereby certify that I have read the Protective Order entered in the Northern District of California in the case entitled *LiveOps v. Teleo, Inc., et al. Case No. C-05-3773-MJJ.*

I understand the terms of the Protective Order. I agree to be bound by such terms and to submit to the personal jurisdiction of the Northern District of California with respect to any proceeding related to the enforcement of this Protective Order, including any proceedings related to contempt of Court. I will not disclose Designated Materials marked "CONFIDENTIAL" or "ATTORNEYS AND CONSULTANTS ONLY" to anyone other than persons specially authorized by the Protective Order, and I agree to return all such materials which come into my possession to counsel from whom I received such materials upon the termination of this action or my employment as a consultant in this action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Name of Individual: _____

Company or Firm: _____

Address: _____

Telephone No.: _____

Relationship to this action and its parties: _____

_____

_____

Dated: _____    Signature_____

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

-19-

**EXHIBIT B**

**CERTIFICATION OF CONSULTANT**

I, the undersigned, hereby certify that I have read the Protective Order entered in the Northern District of California in the case entitled *LiveOps v. Teleo, Inc., et al. Case No. C-05-3773-MJJ* and that I have executed a Certification Concerning Material Covered by Protective Order.

I further certify that I am not employed nor currently engaged by a direct competitor of the Designating Party (which shall include Microsoft) with respect specifically to services and technology that combine telephony and internet protocols, or any person or entity currently a party (as of the time of the execution of this Certification) to this action, nor do I have a current expectation of such engagement, and I will accept no such engagement nor discuss same during the pendency of this action.   If at any time after I execute this Consultant Certification and during the pendency of the Action I become engaged in business as a competitor of any person or entity currently a party to this action, I will promptly inform the counsel for the party who retained me in the Action, and I will not thereafter review any Designated Materials marked "ATTORNEYS AND CONSULTANTS ONLY" unless and until the Court in the Action orders otherwise.  Should I no longer act as a consultant in this Action, I will return all Designated Materials to the counsel for the party who retained me within five (5) business days from the date upon which my consultancy is terminated.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Name of Individual: _____

Company or Firm: _____

Address: _____

Telephone No.: _____

Relationship to this action and its parties: _____

_____

Dated: _____   Signature_____

-20-

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

**PROOF OF SERVICE BY MAIL**

      I am employed in the County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 560 Mission Street, Twenty-Seventh Floor, San Francisco, California  94105-2907.

      On January 26, 2006, I served the document described as:

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

on the interested party in this action by placing true copies thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Richard P. Sybert<br>Gordon & Rees LLP<br>101 West Broadway, Suite 2000<br>San Diego, CA 92101 | |

      I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

      Executed on January 26, 2006, at San Francisco, California.

*Dolores L. Reyes*
_____
Dolores L. Reyes

-21-

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA  92101