UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LIVEOPS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TELEO, INC., a Nevada corporation, WENDELL BROWN, an individual, and DOES 1 through 99, inclusive,<br><br>Defendants. | CASE NO. C 05 3773 MJJ (EMC)<br><br>[PROPOSED] STIPULATED AMENDMENT TO PROTECTIVE ORDER |

WHEREAS, on January 27, 2006, the Court entered a Stipulated Protective Order ("Protective Order") in the above-entitled matter;

WHEREAS, the parties desire to amend the Protective Order to address the issues of access to and protection of source code;

WHEREAS, the parties desire to address the addition of William Trenchard as a counter-defendant; and

WHEREAS, the parties seek to clarify the provisions of Section B(2)(d)(iii);

IT IS STIPULATED AND AGREED that:

In addition to the provisions of the Protective Order entered in this action, the following

Section O, and each individual provision therein, shall be incorporated as additional terms and provisions into the Protective Order and shall apply to any document, testimony, or other discovery material produced in this matter, which includes any of LiveOps, Inc.'s or Teleo, Inc.'s source code. Nothing in this Stipulation shall be read as limiting or nullifying any term or provision of the existing Protective Order, and all terms and provisions of the existing Protective Order shall remain in full force and effect.

**O.    Production of Source Code.**

1. In the case of production of source code in electronic form, counsel shall comply with the following:

   a. One electronic copy of the source code shall be produced directly to Outside Counsel for the receiving party in native format on external removable media (e.g.., hard drives, DVDs).

   b. The source code may only be accessed on non-networked computers. Notwithstanding the foregoing, the source code may from time to time be accessed on a limited purpose real-time network constructed solely for purposes of studying the source code. No such computer or network shall be connected at any time to the Internet or to the networks of the receiving party or the law firms representing the receiving party in this matter while the source code is loaded onto said computer or network.

   c. Outside Counsel shall maintain and store such material at their offices in a manner that prevents unauthorized access, including without limitation the following minimum safeguards:

      (i) Any computers used to access the source code shall be password protected;

      (ii) Any external media containing source code must be kept in a locked safe or storage cabinet when not actually being used to view the source code contained therein;

      (iii) Any computers used to access the source code and the locked safe or storage cabinet must be kept in a locked and secure room;

(iv) The receiving party shall maintain and use any electronic safeguards in place when the source code is provided for protecting the source code (such as encryption or tools to scramble/unscramble the hard drives).

d. The producing party will provide one (1) duplicate set of any source code it produces pursuant to this Amendment. The receiving party may make working copies of the source code from the duplicate set, but only on the single external media on which the duplicate set of source code is provided. No additional electronic copies, other than volatile copies necessarily made in the course of accessing the source code on the non-networked computer, shall be made.

e. Any paper copies of portions of the source code that are printed shall be marked "CONFIDENTIAL – ATTORNEYS AND CONSULTANTS ONLY – SOURCE CODE" on each page.

f. The receiving party shall maintain an access log identifying the individuals who have accessed the code and on what date(s). Such log shall be kept confidential. Logs shall be exchanged by the parties at the conclusion of the litigation. Counsel may apply to the Court for access to the log at any time upon good cause.

g. If counsel desires to store and access such source code at a secure facility at a location other than the offices of Outside Counsel or retained experts or consultants, counsel shall propose in writing to Outside Counsel for the Designating Party the precise location of the proposed secure facility. Source code shall not be taken to such new facility unless approved by the Designating Party, such approval not to be unreasonably withheld.

2. At the end of the case (including any appeals or, if there are none, at the expiration of the appeal period), any individual or entity receiving source code will certify that: (a) All external media containing source code have been returned to Outside Counsel for Designating Party; (b) all print-outs and copies containing source code have been destroyed, with the exception of exhibits that were attached to filed pleadings or admitted into evidence; and (c) all hard drives of the non-networked computer which may contain volatile copies of the source code have been destroyed or forensically wiped. Other than set forth in this subparagraph,

counsel may not maintain a file copy of source code material.

In addition, the following Section B(1)(h), and each individual provision therein, shall be incorporated as additional terms and provisions into the Protective Order and apply fully thereto:

(h) William Trenchard ("Trenchard"), so long as the documents remain in the possession, custody or control of Outside Counsel and/or the party who produced and designated the Materials when reviewing such materials. This provision shall be without prejudice to Trenchard's right to move the Court to modify this provision should, in Trenchard's judgment, its operation in practice prove unduly burdensome; as well as without prejudice to Teleo's right to oppose such motion or to assert that such criterion is not determinative.

(i) In the event that Trenchard ceases to be a party to the action, he shall: (A) certify that he has not retained any CONFIDENTIAL materials; or (B) notify Outside Counsel for Teleo in writing of his intention to continue as an officer, director, employee or consultant to LiveOps, in which case Teleo may object to Trenchard having continued access to CONFIDENTIAL materials under the provisions of Sections B or C.

(ii) In the event that Teleo objects to disclosure of CONFIDENTIAL material to Trenchard, Teleo shall send its objection in writing to Outside Counsel for Trenchard within five (5) business days following Teleo's designation. The parties shall meet and confer to resolve any objections informally. In the event that objections are made but not resolved informally, Teleo may move, within fifteen (15) business days following its notice of objection, for a protective order preventing disclosure of CONFIDENTIAL materials to Trenchard. In the event Teleo brings such a motion, it shall bear the burden of proving that the disclosure of CONFIDENTIAL materials to Trenchard would cause Teleo unwarranted annoyance, embarrassment or oppression. Prior to the resolution of any such objection, an opposing party's Designated Materials shall not be disclosed to person(s) so designated.

Finally, the parties clarify their understanding of Section B(2)(d)(iii) to mean that hard copies of material designated ATTORNEYS AND CONSULTANTS ONLY cannot be given to

in-house counsel or his/her administrative staff and that any electronic ("soft") copies of material designated ATTORNEYS AND CONSULTANTS ONLY transmitted to in-house counsel or his/her administrative staff must be promptly deleted once the material is reviewed.

Before any person is given access to any Designated Material, the individual to whom disclosure is to be made shall first be provided a copy of this Amendment to Protective Order and execute the form attached hereto as Exhibit A (in addition to any other certification(s) required under the Protective Order). Outside Counsel who makes any disclosure of Designated Materials shall retain each original executed certificate and, upon written request, shall circulate copies to all Outside Counsel at the termination of this action.

| | |
|---|---|
| Dated: May 23, 2006 | GORDON & REES LLP |
| | By: /s/ _____<br>Richard P. Sybert |
| | Attorneys for Plaintiff<br>LIVEOPS, INC. |
| Dated: May 23, 2006 | TOWNSEND AND TOWNSEND AND CREW LLP |
| | By: /s/ _____<br>Maureen A. Sheehy |
| | Attorneys for Defendant<br>WENDELL BROWN |
| Dated: May 23, 2006 | MUNGER, TOLLES & OLSON LLP |
| | By: /s/ _____<br>Miriam Kim |
| | Attorneys for Defendant<br>TELEO, INC. |

Pursuant to the Stipulation above, and good cause appearing therefore, IT IS SO ORDERED.

Dated: May 24, 2006

EDW_____
United_____

*[Stamp: IT IS SO ORDERED / Judge Edward M. Chen / United States District Court, Northern District of California]*

1185423.1      - 6 -      [PROPOSED] AMENDMENT TO PROTECTIVE ORDER #C053773 MJJ (EMC)

# EXHIBIT A
## CERTIFICATION CONCERNING MATERIAL COVERED BY AMENDMENT TO PROTECTIVE ORDER

I, the undersigned, hereby certify that I have read the Amendment to Protective Order entered in the Northern District of California in the case entitled ***LiveOps v. Teleo, Inc., et al.* Case No. C-05-3773-MJJ.**

I understand the terms of the Amendment to Protective Order, which I understand are incorporated as additional terms and provisions into the Protective Order and apply fully thereto. I agree to be bound by such terms and to submit to the personal jurisdiction of the Northern District of California with respect to any proceeding related to the enforcement of this Amendment to Protective Order, including any proceedings related to contempt of Court. I will not disclose Designated Materials marked "CONFIDENTIAL" or "ATTORNEYS AND CONSULTANTS ONLY" to anyone other than persons specially authorized by the Amendment to Protective Order, and I agree to return all such materials which come into my possession to counsel from whom I received such materials upon the termination of this action or my employment as a consultant in this action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Name of Individual: _____

Company or Firm: _____

Address: _____

Telephone No.: _____

Relationship to this action and its parties: _____

_____

_____

Dated: _____  Signature _____

1185423.1 — - 7 - — [PROPOSED] AMENDMENT TO PROTECTIVE ORDER #C053773 MJJ (EMC)