**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIVEOPS, INC., | No. C-05-3773 MJJ (EMC) |
| Plaintiff, | **ORDER GRANTING DEFENDANT BROWN'S MOTION TO COMPEL 30(B)(6) DEPOSITION** |
| v. | |
| TELEO, INC., *et al.*, | **(Docket No. 125)** |
| Defendants. / | |

   Defendant Wendell Brown has filed a motion to compel a 30(b)(6) deposition along with a motion for sanctions. A hearing was held on both motions on July 31, 2006. For the reasons stated at the hearing, the Court hereby GRANTS the motion to compel.

   The designated deponent Michael LaGuardia was not sufficiently prepared to testify as a 30(b)(6) designee. He was unable to give meaningful substantive answers to proper questions such as which documents pertained to particular trade secrets, who created the secrets, when the secrets were created, and so forth. In specific preparation for the deposition, Mr. LaGuardia did not look at any documents other than the deposition notice and the trade secret designation. Moreover, based on a representation by Plaintiff's counsel, Mr. LaGuardia might not have looked at any of the underlying documents specific to the trade secrets for several weeks (if not longer) before the deposition, even though the deposition notice specified as one topic "the identity of all Documents that contain or embody the information claimed to be a trade secret." Cooper Decl., Ex. 2.

   As stated at the hearing, the parties are ordered to meet and confer to arrange for a further 30(b)(6) deposition, to be attended by a designee or designees who meet the standards of Rule

30(b)(6). Such designee(s) shall be prepared to address all the deposition notice topics as required by Rule 30(b)(6). The parties shall discuss who the proper designee(s) should be. Furthermore, prior to the deposition(s), Plaintiff shall identify for Defendants (by Bates stamp) the documents pertaining to each of the asserted trade secrets. Although the trade secret designation is somewhat lengthy, Plaintiff would have to engage in this exercise in any event in order to prepare its 30(b)(6) designee(s) for the deposition (especially given the noticed topic as stated above).

The parties shall file a joint letter with the Court by August 9, 2006, informing the Court of the status of the rescheduling of the 30(b)(6) deposition(s). In the letter, the parties shall identify all remaining disputes with respect to the deposition(s) (if any) and *briefly* state their respective positions as to each such dispute. The parties are cautioned that the Court will impose sanctions on any party that takes an unreasonable position.

Defendant's motion for sanctions is taken under submission.

IT IS SO ORDERED.

Dated: August 1, 2006

_____
EDWARD M. CHEN
United States Magistrate Judge