Kevin W. Alexander, Bar No. 175204
Richard P. Sybert, Bar No. 80731
Marshall S. Brenner, Bar No. 208780
Craig J. Mariam, Bar No. 225280
GORDON & REES LLP
101 West Broadway, Suite 1600
San Diego, California 92101
tel (619) 696-6700 / fax (619) 696-7124
email rsybert@gordonrees.com

Jeffrey M. Ratinoff, Bar No. 197241
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, California 94111
tel (415) 986-5900 / fax (415) 986-8054
email jratinoff@gordonrees.com

Attorneys for Plaintiff/Counterdefendants
LIVEOPS, INC. and WILLIAM TRENCHARD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIVEOPS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>TELEO, INC., a Nevada corporation; WENDELL BROWN, an individual, and DOES 1 through 99, inclusive,<br><br>Defendants. | CASE NO. C 05-03773 MJJ<br><br>(1) FIRST AMENDED COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT [17 U.S.C. § 101 *et seq.*];<br><br>2. UNFAIR COMPETITION [CA B&PC § 17200];<br><br>3. MISAPPROPRIATION OF TRADE SECRETS [CA CIV.C §3426];<br><br>4. CONVERSION;<br><br>5. BREACH OF WRITTEN CONTRACT;<br><br>(2) DEMAND FOR JURY TRIAL [FRCP 38]. |

-1-

FIRST AMENDED COMPLAINT

COMES NOW Plaintiff LIVEOPS, INC. (hereinafter "LiveOps" or "Plaintiff"), and for its complaint against Defendants TELEO, INC. ("Teleo") and WENDELL BROWN ("Brown") (collectively, "Defendants") alleges as follows:

## NATURE OF THE ACTION

1. This is an action arising out of Defendants' willful violation of Plaintiff's intellectual property rights including copyright infringement, unfair competition and misappropriation of trade secrets.

2. Defendants have misappropriated Plaintiff's copyrighted information, information encompassed in research and development, reports, marketing and sales programs, financial projections, concepts and ideas, materials and information related to the business and sales of Plaintiff, proprietary technology, source code, software architecture, engineering information, user information, vendor and supplier identities and specific acceptability of such, customer needs, market values and mistakes experienced (collectively referred to hereinafter as "Trade Secrets"). Brown, a former employee, shareholder and director of Plaintiff's predecessor in interest as set forth below, also breached several contracts with Plaintiff when he misappropriated LiveOps' Trade Secrets in furtherance of his competing business.

## JURISDICTION AND VENUE

3. This action arises under the United States Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1338; as well as state law governing unfair competition under California Business & Professions Code § 17200 *et seq.* and misappropriation of trade secrets under California Civil Code § 3426 *et seq.* This court therefore has subject matter jurisdiction over the federal law claims herein as federal questions pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 1338(a)(b), and over the state claims as supplemental jurisdiction under 28 U.S.C. § 1367(a) arising from a common nucleus of operative fact.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391(b), (c) and/or 1400(a), as Defendants have done and are doing business in this District and because Plaintiff's claim arises out of Defendants' forum-related activities. Such forum-related activities include, but are not limited to committing acts of copyright infringement in this District and negotiating,

entering and breaching the contracts at issue in this District.

## PARTIES

5. Plaintiff is, and at all times herein mentioned was, a duly formed corporation organized and existing under the laws of the State of Delaware with its principal place of business in Menlo Park, California.

6. In June 2003, LiveOps.com, Inc., a Florida corporation, entered into a merger agreement with CallCast, Inc., whereby LiveOps.com, Inc. acquired all of the outstanding stock of CallCast, Inc. (the "Acquisition"). After the Acquisition, CallCast, Inc., continued to do business under the name LiveOps, Inc., the successor entity to all of the rights and obligations of CallCast, Inc.

7. Plaintiff is the successor entity to all of the rights and obligations of CallCast, Inc.

8. Plaintiff is informed and believes that Teleo is, and at all times herein mentioned was, a corporation duly formed and organized and existing under the laws of the State of Nevada, with its principal place of business in San Francisco, California.

9. Plaintiff is informed and believes, and thereon alleges, that Brown is, and at all times herein mentioned was, an individual residing in Las Vegas, Nevada. Brown was a co-founder of CallCast, Inc. Prior to the Acquisition, Brown served on CallCast, Inc.'s Board of Directors and was a shareholder and employee of CallCast, Inc.

10. The identities of Defendants Does 1 through 99, inclusive, are presently unknown to Plaintiff, but on information and belief said defendants are liable in whole or part for the matters alleged herein. Plaintiff will seek leave of court to add them by name when their identities are ascertained.

11. Plaintiff is informed and believes, and on that basis alleges, that Teleo, Brown and the "Doe" defendants, and each of them, were at all times herein mentioned servants, agents, and/or employees of each other and were acting within the course and scope of such agency and/or employment on behalf of and with the consent, knowledge, and permission of each other, and that each said defendant ratified the conduct of all remaining defendants.

12. This court has personal jurisdiction over each of the Defendants by virtue of their

-3-

FIRST AMENDED COMPLAINT

1  conducting business in this judicial district through their contacts and transaction of business in
2  this judicial district and their delivery into the stream of commerce in this district of products
3  accused herein of violating Plaintiff's intellectual property rights. In addition, the contracts at
4  issue were executed in this judicial district and the activities that gave rise to their breach took
5  place in this judicial district.

### BROWN'S TERMINATION AGREEMENT WITH PLAINTIFF

13. Brown had access to confidential and proprietary information concerning Plaintiff's business and its customers, including, but not limited to, Plaintiff's Trade Secrets. Plaintiff's Trade Secrets are the product of Plaintiff's ingenuity, time, labor and expense, including, but not limited to, research and development, marketing, promotional campaigns and advertising.

14. Brown was aware that the Trade Secrets were confidential and not otherwise readily ascertainable by others, including Plaintiff's competitors.

15. On June 20, 2003, Brown executed a letter agreement ("Termination Agreement"). A true and correct copy of the Termination Agreement is attached hereto as Exhibit 1. The Termination Agreement set forth the terms of Brown's termination of employment with Plaintiff, which was a condition to the completion of the Acquisition. Pursuant to Paragraph 1 of the Termination Agreement, Brown's employment with Plaintiff terminated on June 23, 2003.

16. Paragraph 12 of the Termination Agreement provides that the terms and conditions of several existing agreements between Brown and Plaintiff survive Brown's termination. Paragraph 12 of the Termination Agreement specifically identifies the Technology Assignment Agreement ("Assignment Agreement") dated February 15, 2002, as one such agreement that survives Brown's termination.

17. Brown represented in Paragraph 13 of the Termination Agreement that he had returned to Plaintiff all property belonging to Plaintiff including (without limitation) copies of documents that belong to Plaintiff and files stored on Brown's computers that contain information that belong to Plaintiff.

FIRST AMENDED COMPLAINT

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

# BROWN'S TECHNOLOGY ASSIGNMENT AGREEMENT WITH CALLCAST, INC.

18. Brown and Plaintiff executed the Assignment Agreement on February 15, 2002. A true and correct copy of the Assignment Agreement is attached hereto as Exhibit 2. The purpose of the Assignment Agreement was to assign to Plaintiff all of Brown's technology and intellectual property relating to the mechanisms for enabling end-users to place telephone calls via the Internet.

19. Paragraph 1.2 of the Assignment Agreement, Exhibit 2 hereto, defines "Copyrights" as follows:

> 1.2 "Copyrights" means all copyrights, design rights, other artistic and literary rights and the like in and to the works described in Exhibit A, including, without limitation, all related art work, designs, specifications, displays, user interfaces, documentation, and promotional materials as well as any derivative works and discrete modifications to any of the foregoing and the right to register any of the foregoing anywhere in the world.

20. Paragraph 1.4 of the Assignment Agreement, Exhibit 2 hereto, defines "Proprietary Information" as follows:

> 1.4 "Proprietary Information" means any and all confidential or proprietary information, know-how, inventions (patentable or unpatentable), technology and trade secrets embodied, described or comprised in the Assigned Property or relating to the business operations of the Company as conducted or proposed to be conducted that exists as of the Effective Date or that is subsequently provided by Founders to the Company at their sole discretion, and that is not in the public domain or regularly disclosed by the Company to third parties without confidentiality restrictions.

21. Paragraph 2 of the Assignment Agreement, Exhibit 2 hereto, identifies the assignment of the specific intellectual property to Plaintiff:

> 2. Assignment
> Each Founder hereby assigns to the Company exclusively throughout the world all right, title and interest in and to the (i) Assigned Property and Proprietary Information; (ii) all precursors, portions and work in progress with respect to the foregoing and all inventions, works of authorship, technology, information, know-how, materials and tools relating thereto; (iii) all causes of action and enforcement rights for any of the foregoing including all rights to pursue damages, injunctive relief and other remedies for past and future infringement or misappropriation of any of the foregoing, and (iv) all other intellectual and industrial property rights incorporated or embodied in, or related to any of the foregoing (collectively, the "Intellectual Property").

/ / / / /

FIRST AMENDED COMPLAINT

22. Paragraph 6 of the Assignment Agreement, Exhibit 2 hereto, prohibits Brown from using or disclosing the assigned intellectual property, and states:

> 6. <u>Confidential Information</u>
> Each Founder agrees not to use or disclose anything assigned to the Company hereunder or any other technical or business information or plans of the Company, except to the extent such Founder (i) can document that it is generally available )through no fault of such Founder) for use and disclosure by the public without restriction or confidentiality obligation, or (ii) is permitted to use or disclose such information or plans pursuant to the Proprietary Information and Inventions Agreement by and between such Founder and the Company dated February 15, 2001. Each Founder recognizes and agrees that there is no adequate remedy at law for a breach of this Section 5, that such a breach would irreparable harm the Company and that the Company is entitled to equitable relief (including, without limitations, injunctions) with respect to any such breach or potential breach in addition to any other remedies.

23. Paragraph 7 of the Assignment Agreement, Exhibit 2 hereto, contains an attorneys' fees clause which states in relevant part, "The prevailing party in any action to enforce this Agreement shall be entitled to recover costs and expenses including, without limitation, attorneys' fees."

24. Plaintiff is informed and believes, and thereon alleges, that Brown, after leaving Plaintiff's employ in June of 2003, formed and currently operates Teleo, a competing business to Plaintiff, and is using Plaintiff's Trade Secrets and other confidential and proprietary information including the Trade Secrets to do so.

25. Plaintiff is informed and believes, and thereon alleges, that Brown's improper use of Plaintiff's Trade Secrets and other confidential and proprietary information added value to Teleo which Brown recently sold to Microsoft Corporation for approximately thirty million dollars ($30,000,000.00).

26. Plaintiff is informed and believes that Brown failed to return to Plaintiff at the termination of his employment, and took with him Plaintiff's documents, Trade Secrets and other confidential and proprietary information belonging to Plaintiff.

### FIRST CLAIM

### COPYRIGHT INFRINGEMENT

### (17 U.S.C. § 101 *et seq.*)

### (Against All Defendants)

FIRST AMENDED COMPLAINT

27.   Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 26, inclusive, and incorporates the same herein by reference.

28.   Prior to August 25, 2005, Plaintiff, which then was and ever since has been a corporation doing business in the United States, authored original source codes entitled "Callcast Internet Telephone System Software version 12/02" and "Callcast Internet Telephone System Software version 5/03."

29.   The source codes contain a large amount of material wholly original with Plaintiff and is copyrightable subject matter under the laws of the United States.

30.   At all times Plaintiff complied in all respects with the United States Copyright Act 17 U.S.C. § 101 *et seq.* ("Copyright Act") and received from the Register of Copyrights certificates of registration, dated and identified as follows: August 25, 2005, TXu1-247-650 and TXu1-247-661." A true copy of the Certificates of Registration are attached hereto as Exhibit 3.

31.   At all times relevant to this Complaint, Brown had access to Plaintiff's source codes. Brown also had access to Plaintiff's documents, data and computer data discs that contained or referenced Plaintiff's source codes, Trade Secrets and other confidential and proprietary information. Plaintiff is informed and believes, and thereon alleges, that Brown was also in possession of back-up tapes and computers which contained copies of Plaintiff's source codes.

32.   Defendants infringed Plaintiff's copyright by copying, reproducing and exploiting verbatim copies of Plaintiff's source codes. Plaintiff is informed and believes, and on that basis alleges, that Defendants' products and services offered for sale on www.Teleo.com, utilize the same source code copied largely from Plaintiff's copyrighted work entitled Callcast Internet Telephone System Software version 12/02 and Callcast Internet Telephone System Software version 5/03. The functionality of Defendants' products and services for sale on www.Teleo.com is substantially identical to the functionality and products and services as provided by Plaintiff's copyright.

33.   As a specific act of infringement, Defendants did, themselves, access and utilize Plaintiff's source codes and incorporated such into Defendants' products and services offered for

-7-

FIRST AMENDED COMPLAINT

sale on www.Teleo.com, thereby claiming copyright ownership for themselves.

34.   Defendants refused and continue to refuse Plaintiff's requests to inspect Defendants' source code to determine whether Defendants infringed Plaintiff's copyright.

35.   Plaintiff has notified Defendants that Defendants have infringed the copyright of Plaintiff, but in full knowledge thereof, Defendants have continued to infringe the copyright.

36.   Defendants have continuously infringed Plaintiff's copyright by the unauthorized reproduction and use of Plaintiff's copyrighted work entitled Callcast Internet Telephone System Software version 12/02 and Callcast Internet Telephone System Software version 5/03.

37.   No permission, consent, license or authorization of any kind was or has been given to Defendants to use such source codes, or to incorporate such into any other work or any other application, including the products and services advertised for sale on Defendants' website www.Teleo.com.

38.   Defendants' actions in infringing Plaintiff's copyrights were willful and without any regard for Plaintiff's rights.

39.   As a result of Defendants' acts of copyright infringement, Plaintiff has suffered irreparable harm and is likely to continue to suffer irreparable harm for which Plaintiff lacks an adequate remedy at law.  Plaintiff is in need of preliminary and permanent injunctive relief restraining Defendants and those associated with Defendants from engaging in further acts of copyright infringement.

40.   As a result of Defendants' willful and knowing acts of copyright infringement, Plaintiff has also suffered, and will continue to suffer, money damages in an amount not yet determined, but which will be proven at trial.

## SECOND CLAIM

## UNFAIR COMPETITION

## (CAL. BUS. & PROF. CODE § 17200)

### (Against All Defendants)

41.   Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 40, inclusive, and incorporates the same herein by reference.

42. Plaintiff is informed and believes that commencing on a date presently unknown, Defendants are using Plaintiff's Trade Secrets and other confidential and proprietary information.

43. As a proximate result of Defendants' acts as alleged above, Plaintiff has suffered actual damages through loss of income in a sum to be determined at trial according to proof.

44. In engaging in the aforementioned acts, Defendants are guilty of malice, oppression and/or fraud in that Defendants acted with deliberate intent to injure Plaintiff's business and improve their own business and/or financial status, or in conscious disregard of Plaintiff's rights. Defendants' conduct therefore warrants the assessment of punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar conduct.

45. Defendants' wrongful conduct, in using Plaintiff's Trade Secrets and other confidential and proprietary information, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiff's business in that Plaintiff has lost customers to Teleo, is continuing to lose customers and accounts, and damages would not completely compensate for the injuries to Plaintiff's business and good will.

46. Plaintiff has no adequate remedy at law for the injuries currently being suffered in that Defendants will continue to wrongfully use Plaintiff's Trade Secrets and other confidential and proprietary information, and Plaintiff would be required to maintain a multiplicity of judicial proceedings to protect its interests, and in addition, there is no reasonable basis to calculate all the monetary damage caused to Plaintiff by the wrongful use of such materials because Plaintiff depends on customer recommendations or referrals.

### THIRD CLAIM
### MISAPPROPRIATION OF TRADE SECRETS
### (CAL. CIV. CODE § 3426)
### (Against All Defendants)

47. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 46, inclusive, and incorporates the same herein by reference.

48. From 2001 to June 2003, Brown was a director of CallCast, Inc., the predecessor

in interest to LiveOps, Inc.

49. At all times relevant to this Complaint, Plaintiff was in possession of its Trade Secrets, including copyrighted information, information encompassed in research and development, reports, marketing and sales programs, financial projections, concepts and ideas, materials and information related to the business and sales of Plaintiff and any affiliated or related entities.

50. Plaintiff's Trade Secrets had economic value in that its use resulted in the creation of certain Voice-Over Internet Protocol ("VOIP") computer applications and services that offered unique functionality compared to the usual VOIP applications on the market. Plaintiff's Trade Secrets were compiled using Plaintiff's ingenuity, time, labor and expense, including, but not limited to, research and development, marketing, promotional campaigns and advertising. As a result, the Trade Secrets had economic value in that Plaintiff was able to more effectively and efficiently generate customer leads, manufacture and merchandise its product and serve its customers than its competitors, who did not have access to the information, thereby giving Plaintiff a competitive advantage.

51. Plaintiff made reasonable efforts to ensure that its Trade Secrets remained confidential and proprietary, including emphasizing to each employee Plaintiff's need to keep the Trade Secrets secret, and requiring that all employees not disclose any information relating to the Trade Secrets or other confidential or proprietary information.

52. As a proximate result of Defendants' acts as alleged above, Plaintiff has suffered actual damages in a sum to be determined at trial according to proof.

53. As a further proximate result of the misappropriation, Defendants have been unjustly enriched. The amount of this unjust enrichment cannot presently be ascertained, and Plaintiff will move to amend this Complaint to specify the amount when it becomes known, or on proof thereof.

54. Plaintiff is informed and believes and thereon alleges that the aforementioned acts of Defendants in misappropriating Plaintiff's Trade Secrets were willful and malicious in that Defendants misappropriated Plaintiff's Trade Secrets with a deliberate intent to injure Plaintiff's

FIRST AMENDED COMPLAINT

1  business and improve their own, thereby warranting an assessment of exemplary damages under
2  California Civil Code § 3426.3(c). Plaintiff is also entitled to reasonable attorneys' fees.

3      55.    The wrongful conduct of Defendants in misappropriating Plaintiff's Trade
4  Secrets, unless and until enjoined and restrained by order of this court, will cause great and
5  irreparable injury to Plaintiff's business in that Plaintiff has lost profitable customers and
6  prospective customers and is continuing to lose business, and damages would not completely
7  compensate for the injuries to Plaintiff's business and good will.

8      56.    Plaintiff does not have an adequate remedy at law for the injuries currently being
9  suffered, in that Defendants in all likelihood will continue to misappropriate the Trade Secrets
10 and solicit Plaintiff's customers and prospective customers, and Plaintiff would be required to
11 maintain a multiplicity of judicial proceedings to protect its interests, and, in addition, there is no
12 reasonable basis to calculate all of the monetary damage caused to Plaintiff by the wrongful
13 conduct.

## FOURTH CLAIM

## CONVERSION

### (Against All Defendants)

17     57.    Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs
18 1 through 56, inclusive, and incorporates the same herein by reference.

19     58.    At all times herein mentioned, Plaintiff was, and still is, the owner, and entitled to
20 possession of certain documents and data and computer data discs that contain or reference
21 Plaintiff's Trade Secrets and other confidential and proprietary information.

22     59.    Plaintiff is further informed and believes, and upon such information and belief
23 alleges, that the above-mentioned property had a value to be determined at trial according to
24 proof. Defendants, and each of them, took and/or permitted to be taken the above-mentioned
25 property from Plaintiff's possession without authorization, and converted the same to their own
26 use and/or to the use of others.

27     60.    As a direct and proximate result of the conversion by Defendants, and each of
28 them, Plaintiff has incurred damages in an amount to be determined at trial according to proof.

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

61. The aforementioned acts of Defendants, and each of them, in converting said property, was willful, wanton, malicious, fraudulent, intentional and oppressive, and justifies an award of punitive damages in an amount sufficient to punish Defendants.

## FIFTH CLAIM

## BREACH OF WRITTEN CONTRACT

### (Against Defendant Brown)

62. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 61, inclusive, and incorporates the same herein by reference.

63. Plaintiff has fully performed all conditions, covenants, and promises required to be performed in accordance with the terms and conditions of the Termination Agreement and Assignment Agreement.

64. Plaintiff is informed and believes, and thereon alleges, that Brown breached Paragraph 13 of the Termination Agreement by failing to return to Plaintiff all property belonging to Plaintiff, including, without limitation, copies of documents that belong to Plaintiff and files stored on Brown's computers that contain information belonging to Plaintiff.

65. Plaintiff is informed and believes, and thereon alleges, that Brown breached Paragraph 5 of the Assignment Agreement by improperly using and disclosing Plaintiff's Trade Secrets, proprietary information and other technical or business information or plans, and that said breach is the proximate and legal cause of the damages alleged herein.

66. As a proximate and legal result of the breaches alleged herein, Plaintiff has suffered and will suffer damages in a sum to be proven at trial, but which exceeds the jurisdictional minimum of this court. On this basis, Plaintiff is entitled to breach of contract damages, including reasonable attorneys' fees pursuant to Paragraph 7 of the Assignment Agreement, for any and all losses, sums costs and expenditures attendant to this litigation proximately and legally caused by Brown and the failure to comply with the terms and requirements of the Termination Agreement and Assignment Agreement.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

**First CLAIM- Copyright Infringement**

1. That Defendants, their agents, and servants be enjoined during the pendency of this action and permanently from infringing the copyright of Plaintiff in any manner, and from using, copying, reproducing, displaying, marketing, and exploiting verbatim copies of or visual images containing Plaintiff's source code entitled Callcast Internet Telephone System Software version 12/02 and Callcast Internet Telephone System Software version 5/03.

2. That Defendants be required to pay Plaintiff such damages as Plaintiff has sustained in consequence of Defendants' infringement of Plaintiff's copyright and the unfair trade practices and unfair competition, and to account for:

3. All gains, profits, and advantages derived by Defendants by said trade practices and unfair competition; and

4. All gains, profits, and advantages derived by Defendants by their infringement of Plaintiff's copyright or such damages as this court shall deem proper within the provisions of the copyright statutes, but not less than $250.

5. That Defendants deliver up to be impounded during the pendency of this action all copies of said work entitled Callcast Internet Telephone System Software version 12/02 and/or Callcast Internet Telephone System Software version 5/03 in its possession or under its control and deliver up for destruction all infringing copies and other matter for making such infringing copies.

6. That Defendants pay to Plaintiff the costs of this action and reasonable attorney's fees to be allowed to Plaintiff by the court pursuant to 17 U.S.C.§ 505;

7. That Plaintiffs have such other and further relief as is just.

**Second CLAIM- Unfair Competition (Cal. Bus. & Prof. Code §17200)**

1. For an order requiring Defendants to show cause, if any they have, why they should not be enjoined as set forth below, during the pendency of this action;

2. For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining Defendants from using Plaintiff's Trade Secrets and other confidential and proprietary information acquired during the scope of Brown's employment with Plaintiff;

FIRST AMENDED COMPLAINT

3. For trebled damages;

4. For reasonable attorneys' fees;

5. For all costs of suit herein incurred; and

6. For such other and further relief as the court may deem proper.

**Third CLAIM- Misappropriation of Trade Secrets (Cal. Civ. Code § 3426)**

1. For an order requiring Defendants to show cause, if any they have, why they should not be enjoined as hereinafter set forth, during the pendency of this action;

2. For a temporary restraining order, a preliminary injunction, and a permanent injunction, all requiring Defendants and their agents, servants, and employees, and all persons, acting under, in concert with, or for them:

3. To refrain from using Plaintiff's Trade Secrets and other confidential and proprietary information acquired during the scope of Brown's employment with Plaintiff;

4. To return possession of Trade Secrets, consisting of copyrighted information, information encompassed in research and development, reports, marketing and sales programs, financial projections, concepts and ideas, materials and information related to the business and sales of Plaintiff and any affiliated or related entities;

5. For general damages and the amount necessary to prevent the unjust enrichment of Defendants in a sum to be determined at trial;

6. For punitive damages;

7. For reasonable attorneys' fees;

8. For all costs of suit herein incurred; and

9. For such other and further relief as the court may deem proper.

**Fourth CLAIM- Conversion**

1. For the value of the property converted;

2. For interest at the legal rate on the foregoing sum pursuant to Section 3336 of the Civil Code;

3. For damages for the proximate and foreseeable loss resulting from Defendants' conversion in an amount to be determined at trial;

| | | |
|---|---|---|
|1| 4. | For punitive damages;|
|2| 5. | For costs of suit herein incurred; and|
|3| 6. | For such other and further relief as the court may deem proper.|

**Fifth CLAIM- Breach of Contract**

1. For compensatory damages in an amount to be determined at trial;
2. For reasonable attorneys' fees;
3. For costs of suit; and
4. For such other and further relief as the court may deem proper.

Dated: August 4, 2006

GORDON & REES LLP

By: *[signature]*
Kevin W. Alexander
Richard P. Sybert
Marshall S. Brenner
Craig J. Mariam
Attorneys for Plaintiff/Counterdefendants
LIVEOPS, INC. and WILLIAM TRENCHARD

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

FIRST AMENDED COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for all issues triable of right by a jury pursuant to Rule 38, Federal Rules of Civil Procedure.

Dated: August 4, 2006                               GORDON & REES LLP

by *[signature]*
Kevin W. Alexander
Richard P. Sybert
Marshall S. Brenner
Craig J. Mariam
Attorneys for Plaintiff/Counterdefendants
LIVEOPS, INC. and WILLIAM TRENCHARD

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

LOPS/1033315/369906v.1

-16-

FIRST AMENDED COMPLAINT